IN THE COUNTY OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| GERALD R. CARROLL BEY II | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| POETTKER CONSTRUCTION | ) |
| 1800 Kirkpatrick Homes | ) |
| Pontoon Beach, IL 62040 | ) |
| | ) |
| Serve: CSC-Lawyers Incorporation | ) |
| 221 Boliver Street | ) |
| Jefferson City MO. | ) |
| 65101 | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

1. This Court has jurisdiction over the matter as the Plaintiff was recruited and hired in the City of St. Louis for the job(s) the claims arose.

2. Plaintiff is a resident of Missouri and St. Louis County.

3. Defendant is a foreign corporation registered to conduct business in the State of Missouri.

4. The claims were investigated by the Missouri Commission on Human Rights ("MCHR").

5. The "MCHR" investigated all claims related to the Matter.

6. The "MCHR" investigated all claims that could logically emanate from the Matter.

7. Plaintiff was granted a Right to Sue letter on March 9, 2023 (Exhibit 1).

8. Plaintiff is an African American Male in the protected class as described by the "MCHR" in the Missouri Human Rights Act.

Electronically Filed - City of St. Louis - June 02, 2023 - 12:46 PM

## FACTS COMMON TO ALL COUNTS

9. Plaintiff reasserts Counts 1-8 as if fully asserted herein.

10. Plaintiff performed his duties competently at all times.

11. Plaintiff was assigned to a job supervised by Defendant as a member of the local electricians union.

12. While on the assignment Plaintiff asked Defendant employee Dalton Smith about the work flow and lunch.

13. Smith a white male told Plaintiff that the microwave was nigger rigged and not fully functioning.

14. Plaintiff asked Smith about the meaning of the statement and Smith stated the microwave did not properly work so it was nigger rigged.

15. Smith drives a pickup truck with a confederate flag license plate in the place of the state issued front license plate.

16. Smith was reassigned to a different job site after Plaintiff reported the incident.

17. Plaintiff suffered constant harassment by Smith's confederates after the Plaintiff reported the incident.

18. Plaintiff was called a "BIFF" meaning black incompetent person.

19. Inscribed on a bathroom stall was BIFF is a snitch, all snitches must die.

20. Plaintiff's vehicle was keyed.

21. Plaintiff found four lug nuts missing from his truck tires and one loose immediately following a shift.

Electronically Filed - City of St. Louis - June 02, 2023 - 12:46 PM

22. The missing lug nuts were discovered after the truck was damaged as a result of the loose lug nuts (the front axel bent).

23. Tim LNU referred to Plaintiff as a black beast.

24. Plaintiff suffered daily intimidation and threats from co-workers that were employees of Defendant.

25. Plaintiff's complaints about the intimidation and hostile acts were not addressed by Defendant.

26. Defendant has a policy against work place discrimination.

27. The pertinent union has policies against work place discrimination by its participants.

28. Defendant violated its rules against discrimination.

29. Defendant violated the unions rules against discrimination as well as its own pronouncement against discrimination.

30. Plaintiff suffered intimidation so severe and pervasive that the only viable option was for the Plaintiff to seek relief from the violence and intimidation so Plaintiff attempted to use paid time off to do so.

31. Defendant, instead of re-assigning Plaintiff, as they did Smith, Defendant orchestrated Plaintiffs termination.

32. Plaintiff has suffered garden variety emotional distress as a result of the harassment suffered.

33. Plaintiff has suffered compensatory damages as a result of the harassment suffered and termination.

### COUNT I- RACE BASED COLOR-BASED DISCRIMINATION
*Missouri Human Rights Act* Mo. Rev. Stat. Section 213.055

34. Paragraphs 1-33 are re-alleged and incorporated herein by reference.

35. Plaintiff suffered multiple adverse employment actions as described above. Plaintiffs' race was the motivating factor in said discrimination. Plaintiff suffered losses as a result of the discrimination.

36. Similarly situated Non-Black employees were treated more favorably than the Plaintiff.

37. Such actions constitute race-based and color-based discrimination, in violation of the *Missouri Human Rights Act,* Mo. Rev. Stat. Section 213.055. Plaintiffs race was the motivating factor for the discrimination leveled by Defendants against Plaintiffs.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff request the Court award Plaintiff the following relief:

*(a)* That Plaintiff, be awarded appropriate damages in excess of $25,000.00 to compensate Plaintiff for his economic damages, included but not limited to back pay, front pay, emotional distress damages, and all other benefits, and/other appropriate relief to which the Plaintiff is entitled by virtue of Defendants violations;

*(b)* That Plaintiff be awarded prejudgment interest;

*(c)* That Plaintiff be awarded punitive damages against the Defendant in an appropriate amount as allowed by law against the Defendant;

*(d)* That Plaintiff be granted reasonable attorneys' fees, costs, and litigation expenses incurred in this lawsuit with interest thereon;

*(e)* That the Plaintiff be awarded any such and other relief deemed just and reasonable.

## COUNT II-RETALIATION

*Missouri Human Rights Act* Mo. Rev. Stat. Section 213.055 and *Common Law Retaliation*

38. Paragraphs 1-37 are re-alleged and incorporated herein by reference.

39. Plaintiff suffered multiple adverse employment actions as described above that were as a result of retaliation including exclusion from planning meetings, and unwarranted additional scrutiny by his manager that occurred immediately before Plaintiff was terminated after Plaintiff superiors were made aware of Plaintiffs insistence of compliance with the lawful requirements of procurement. All actions occurred during the effective period of the action.

40. Plaintiff engaged in legally protected activity in reporting harm Plaintiff suffered.

41. Plaintiff's engagement in legally protected activity resulted in adverse treatment from the Defendant.

42. Such actions are unlawful retaliation, in violation of the *Missouri Human Rights Act,* Mo. Rev. Stat. Section 213.055 and under common law.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff request the Court award him the following relief:

*(a)* That Plaintiff, be awarded appropriate damages in excess of $25,000.00 to compensate Plaintiff for his economic damages, included but not limited to back pay, front pay, emotional distress damages, and all other benefits, and/other appropriate relief to which the Plaintiff is entitled by virtue of Defendants violations;

*(b)* That Plaintiff be awarded prejudgment interest;

*(c)* That Plaintiff be awarded punitive damages against the Defendant in an appropriate amount as allowed by law against the Defendant;

*(d)* That Plaintiff be granted reasonable attorneys' fees, costs, and litigation expenses incurred in this lawsuit with interest thereon;

*(e)* That the Plaintiff be awarded any such and other relief deemed just and reasonable.

## COUNT IV-GARDEN VARIETY
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## MISSOURI COMMON LAW

43. Paragraphs 1-42 are re-alleged and incorporated herein by reference.

44. As Plaintiff's employer, Defendant acted intentionally or with reckless disregard during all relevant times of this complaint up and until Plaintiff was separated from the Defendants employment resulting in Plaintiffs emotional distress.

45. Defendant intentionally or recklessly caused Plaintiff harm.

46. Defendants extreme and outrageous behavior caused Plaintiff emotional distress.

47. Defendant should have realized that Plaintiffs mistreatment, discrimination, retaliation and isolation involved an unusually high risk of causing Plaintiff distress.

Electronically Filed - City of St. Louis - June 02, 2023 - 12:46 PM

48. Such conduct resulted in Plaintiff suffering emotional distress.

49. Defendants actions resulted in Plaintiff suffering adverse actions to multiple major life activities.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff request the Court award him the following relief:

(a) That Plaintiff, be awarded appropriate damages in excess of $25,000.00 to compensate Plaintiff for his economic damages, included but not limited to back pay, front pay, emotional distress damages, and all other benefits, and/other appropriate relief to which the Plaintiff is entitled by virtue of Defendants violations;

(b) That Plaintiff be awarded prejudgment interest;

(c) That Plaintiff be awarded punitive damages against the Defendant in an appropriate amount as allowed by law against the Defendant;

(d) That Plaintiff be granted reasonable attorneys' fees, costs, and litigation expenses incurred in this lawsuit with interest thereon;

(e) That the Plaintiff be awarded any such and other relief deemed just and reasonable.

Respectfully submitted,

FIELDS AND ASSOCIATES LLC.

By:   /S/   Larry S. Fields
Larry S. Fields 58044
707 North Second Street
Suite 400
St. Louis, MO. 63102
(314) 241-3535 Telephone
(314) 241-3536 Facsimile