# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GERALD R. CARROLL BEY II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23CV911 HEA |
| | ) |
| POETTKER CONSTRUCTION, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss [Doc. No. 7]. Plaintiffs oppose the Motion. For the reasons set forth below, the Motion will be granted and Plaintiff will be given leave to amend.

## Factual Background

This action was brought in the Circuit Court of the City of St. Louis, Missouri against Defendant alleging three claims: racial discrimination in employment in violation of R.S. Mo. 213.055 (Count I), Retaliation by his employer for exercising his rights in reporting the racial discrimination (Count II), and "Garden variety negligent infliction of emotional distress Missouri common law (incorrectly styled Count IV). Defendants removed the action based on the Court's diversity of citizenship jurisdiction.

Plaintiffs' Petition alleges Plaintiff was assigned to a job supervised by Defendant as a member of the local electricians' union. Defendant moves to dismiss the action because the Petition fails to allege Defendant was Plaintiff's employer.

Defendants move to dismiss the Petition pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## Legal Standards

For a claim to survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all of the factual allegations in the complaint, but it need not accept the legal conclusions. *Iqbal*, 556 U.S. at 678. The Court must make "all reasonable inferences in favor of the nonmoving party." *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019). Additionally, "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

## Discussion

Since this Court's jurisdiction is based on diversity of citizenship, state law governs the substantive issues in this case. *See, e.g.*, *Am. Home Assur. Co. v. Pope*, 591 F.3d 992, 998-99 (8th Cir. 2010) ("In a diversity action, such as this, we use state substantive law to govern our analysis.") (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

**Counts I and II**

Defendant argues Counts I and II must be dismissed because the 2017 Amendments to the Missouri Human Rights Act ("MHRA) narrowed the statute's coverage and an employer/employee relationship is now a requirement to stating a claim law. Defendant argues Plaintiff's Petition fails to specifically allege an employer/employee relationship. Although Plaintiff argues he is indeed in an employer/employee relationship with Defendant, nothing in the Petition itself so advises.

Further, in his Response in Opposition to the Motion, Plaintiff argues the Missouri Commission on Human Rights provided him with a Right to Sue letter which he argues is indicative of the employer/employee relationship. Defendant correctly argues Plaintiff has not included the Right to Sue letter with his Petition.

While Plaintiff may be able to state a claim under the Missouri Human Rights Act, he has not done so in his Petition. Nothing in the Petition can be

construed as alleging the relationship that is required under the 2017 Amendments to the MHRA. Even utilizing the 12(b)(6) standard of assuming the truth of the allegations and all reasonable inferences which can be drawn therefrom, Plaintiff's bare bones allegations, fall to set out the necessary pleading requirements to state a claim under the MHRA. The Court, under the Rule 12(b)(6) standard may not consider matters outside the pleadings. Plaintiff's attempt to include such matters through his response cannot transform his defective petition. The motion will be granted with leave to amend.

**Count IV**

Defendant admits if Plaintiff could state a valid claim under the MHRA, he could also state a claim for garden variety emotional distress. In that the Court will allow Plaintiff to file an Amended Complaint, the motion to dismiss the negligent infliction of emotional distress is not yet ripe for determination.

## Conclusion

This Court concludes that Plaintiff's Petition fails to state a claim under the MHRA at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Doc. No. 7], is **GRANTED**.

4

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Opinion, Memorandum and Order to file an Amended Complaint.

Dated this 19th day of March 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE