UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **GERALD R. CARROLL BEY, II,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:23CV911 HEA |
| | ) |
| **POETTKER CONSTRUCTION,** | ) |
| | ) |
| **Defendant.** | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 9]. Defendant opposes the Motion. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants removed this matter from the Circuit Court of the City of St. Louis, Missouri. Plaintiff's Motion to Remand is based upon Defendant's failure to establish that the amount in controversy exceeds $75,000. For the reasons set forth below, the Motion to Remand will be denied.

**Facts and Background**

Plaintiff's Petition alleges three claims: racial discrimination in employment in violation of R.S. Mo. 213.055 (Count I), Retaliation by his employer for exercising his rights in reporting the racial discrimination (Count II), and "Garden variety negligent infliction of emotional distress Missouri common law (incorrectly styled Count IV). Each of the Counts seeks the following damages:

damages in excess of $25,000.00 including, but not limited to back pay, front pay, emotional distress damages, and all other benefits, and/other appropriate relief, prejudgment interest, punitive damages against the Defendant in an appropriate amount, reasonable attorneys' fees, costs, and litigation expenses, and further relief deemed just and reasonable.

## Discussion

In removal cases, the Court must review the complaint or petition pending at the time of removal to determine the existence of federal subject-matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938). The Court may also look to the notice of removal to determine jurisdiction. 28 U.S.C. § 1446(c)(2)(A). The removing defendant, as the party invoking jurisdiction, bears the burden of proving by a preponderance of the evidence that all prerequisites to jurisdiction are satisfied. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010*); Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" *Central Iowa Power*, 561 F.3d at 912.

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). A party removing a diversity action to federal court

must prove the amount in controversy by a preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Under that standard, "the jurisdictional fact ... is not whether the damages are greater than the requisite amount, but whether a fact finder *might* legally conclude that they are[.]" *Id*. at 959 (internal quotation marks and citation omitted) (alteration and emphasis in *Bell*). Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is appropriate only if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount. *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020).

      Here, Plaintiff's petition alleges that he was subjected to racial discrimination, retaliation, and negligent infliction of emotional distress. Each count seeks in excess of $25,000, plus punitive damages, in addition to recovery of his court and litigation costs.

      On its face, the Petition satisfies the jurisdictional amount in controversy. Each count seeks in excess of $25,000, in back pay, front pay, lost benefits, emotional distress and punitive damages, interest, attorneys' fees. Statutory attorney's fees count toward the jurisdictional minimum for diversity jurisdiction. *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017), *Bivens v. Geico Ins. Co.*, No. 4:24 CV 93 CDP, 2024 WL 1091793, at *2 (E.D. Mo. Mar. 12, 2024.

## Conclusion

The Petition on its face establishes the required jurisdictional amount in controversy in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand [Doc. No 9] is **DENIED**.

Dated this 19th day of March 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE