# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **GERALD R. CARROLL BEY II,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:23CV911 HEA |
| | ) |
| **POETTKER CONSTRUCTION,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Count IV [Doc. No. 29]. Plaintiffs oppose the Motion. For the reasons set forth below, the Motion will be granted.

## Factual Background

Plaintiff's Amended Complaint alleges racial discrimination in employment in violation of R.S. Mo. 213.055 (Count I), Retaliation by his employer for exercising his rights in reporting the racial discrimination (Count II), racial discrimination and retaliation in violation of 42 U.S.C. § 1981 (Count III), and "garden variety emotional distress under Missouri common law.

Plaintiffs' Amended Complaint alleges Plaintiff was assigned to a job supervised by Defendant as a member of the local electricians' union. While on the assignment, Plaintiff asked Defendant employee Dalton Smith about the

workflow and lunch. On May 30, 2022, Smith a white male told Plaintiff that the microwave was "nigger rigged" and not fully functioning. Plaintiff asked Smith about the meaning of the statement and Smith stated the microwave did not properly work so it is titled "nigger rigged."

Smith drives a pickup truck with a confederate flag license plate in the place of the state issued front license plate. The Confederate flag has traditionally been viewed as a symbol in opposition to the freedom and humanity of Black Americans and specifically descendants of slavery.

On May 30, 2022, Plaintiff complained about the comments and treatment received from Smith. Smith was reassigned to a different job site after Plaintiff reported the incident. Plaintiff suffered constant harassment by Smith's confederates after he reported the incident. Plaintiff was called a "BIFF", meaning black incompetent person by white co-workers. On June 1, 2022, inscribed on a bathroom stall was BIFF is a snitch, and all snitches must die.

Tim McDonald told Plaintiff that he was not allowed to take a break during his ten (10) hour shift. Despite Tim McDonald being a foreman for Reinhold, Plaintiff's tandem employer, Defendant had knowledge of McDonalds actions and Defendant was responsible for the entire project.

On June 8, 2022, Plaintiff's vehicle was keyed while on the facility lot. The

vandalism resulted in significant damage to the vehicle. In July of 2022 Plaintiff's vehicle was vandalized and his tire lug nuts were removed from his car which ultimately resulted in the axle being winched when the driver side front well collapsed and damaged the axle beyond repair resulting in the vehicle being deemed a total loss. The missing lug nuts were discovered after the truck was damaged as a result of the loose lug nuts.

On August 3, 2022, someone referred to Plaintiff as a black beast which sent Plaintiff into a heightened level of anxiety and led to his constructive termination.

Plaintiff suffered daily intimidation and threats from co-workers that were employees of Defendant from the date of hire until termination. His complaints about the intimidation and hostile acts were not addressed by Defendant.

Defendant has a policy against workplace discrimination. The union Defendant works with has policies against workplace discrimination by its participants. Defendant violated its own rules against discrimination. Defendant violated the unions rules against discrimination as well as its own pronouncement against discrimination.

Defendant moves to dismiss Count IV of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

**Legal Standards**

For a claim to survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all of the factual allegations in the complaint, but it need not accept the legal conclusions. *Iqbal*, 556 U.S. at 678. The Court must make "all reasonable inferences in favor of the nonmoving party." *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019). Additionally, "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

## Discussion

Defendant agrees that garden variety emotional distress damages are recoverable under the Missouri Human Rights Act. Plaintiff seeks damages for emotional distress in Counts I, II, and III. The problem before the Court is whether Plaintiff can state a stand-alone count for "garden variety emotional distress." Plaintiff has not addressed this argument in his response. Courts in the Eighth Circuit have consistently acknowledged that failure to respond to arguments raised

4

in a motion to dismiss constitutes an abandonment of that claim or concession to the opposing arguments." *Muller v. Blue Diamond Growers*, 683 F. Supp. 3d 933, 937 (E.D. Mo. 2023); *Little v. United States Dep't of Def.*, No. 4:21-CV-1309-JAR, 2022 WL 1302759, at *3 (E.D. Mo. May 2, 2022); see also *Ursery v. Federal Drug Enforcement Admin.*, No. 4:12CV1911 HEA, 2014 WL 117627, at *2 (E.D. Mo. Jan. 13, 2014) (collecting cases).

As Plaintiff does not contest this argument, the Court considers it conceded. Moreover, Defendant is correct that Plaintiff's emotional distress claims can be recovered through verdicts rendered in his favor on the other counts seeking emotional distress.

## Conclusion

The Court concludes Defendant's Motion is well taken and will be granted. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count IV of Plaintiff's Amended Complaint, [Doc. No. 29], is **GRANTED**.

Dated this 4th day of June, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE